UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

OTILIO B. HERRERA,

    Petitioner,

v.

JEFFREY A. UTTECHT,

    Respondent.

1:19-cv-03156-SAB

**ORDER SUMMARILY DISMISSING HABEAS PETITION**

Petitioner, a prisoner at the Coyote Ridge Corrections Center, submitted a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, consisting of only eight pages on July 8, 2019, and asserting no grounds for federal habeas relief. ECF No. 1. On July 10, 2019, Petitioner presented a 26-page Petition asserting his grounds for relief. The Court will consider the Petition filed on July 10, 2019, ECF No. 3, as the operative Petition in this action. The $5.00 filing fee was paid on July 11, 2019.

**EXHAUSTION REQUIREMENT**

Petitioner challenges his 2019 Kittitas County guilty plea to attempted rape of a child. He was sentenced to 72.5 months' incarceration. Petitioner indicates that he did not appeal his conviction and sentence. ECF No. 3 at 2.

In his grounds for relief, Petitioner argues that the State of Washington has

ORDER SUMMARILY DISMISSING HABEAS PETITION -- 1

no jurisdiction to decide federal constitutional matters. ECF No. 3 at 5-12. It has long been settled that state courts are competent to decide questions arising under the U.S. Constitution. *See Baker v. Grice,* 169 U.S. 284, 291 (1898) ("It is the duty of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved, as being in alleged violation of any provision of the federal constitution, to decide that question, and to hold the law void if it violate that instrument."); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (holding that state courts are as competent as federal courts to decide federal constitutional matters). Therefore, Petitioner's arguments to the contrary lack merit.

Additionally, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the state court remedies available to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his claims before he presents those claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See Id.*; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). A petitioner fairly presents a claim to the state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the ... [petitioner is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365–366; *see also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (same). Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan*, 513

ORDER SUMMARILY DISMISSING HABEAS PETITION -- 2

U.S. at 365–366.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). It appears from the face of the Petition and the attached documents that Petitioner has not exhausted his state court remedies as to each of his grounds for relief. Indeed, Petitioner affirmatively represents that he did not exhaust his state court remedies.

**GROUNDS FOR FEDERAL HABEAS RELIEF**

Petitioner asserts that the Washington state constitution contradicts the federal constitution regarding the Fifth Amendment right to "presentment or indictment of a Grand Jury." He claims "no bill of indictment" was brought against him rendering his arrest, conviction and imprisonment illegal.

Petitioner seems to argue that because the state courts have defied "federally established procedures and processes for the adjudication of crimes" only "a court of federal jurisdiction" has jurisdictional authority over his claims. His bald assertion that "due process of the law was ignored" is unsupported by his factual allegations.

The United States Supreme Court stated long ago: "Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution." *See Gaines v. Washington*, 277 U.S. 81, 86 (1928). There is simply no federal constitutional violation when a prosecuting attorney's criminal information is substituted for the grand jury's indictment. *See Hurtado v. California*, 110 U.S. 516 (1884) (rejecting the claim that an indictment is essential to due process of law and that a state violates the Fourteenth Amendment by prosecuting a defendant with a criminal information).

ORDER SUMMARILY DISMISSING HABEAS PETITION -- 3

1 | Consequently, Petitioner's assertions to the contrary presented in his four grounds
2 | for federal habeas corpus relief are legally frivolous.
3 |      Because it plainly appears from the petition and accompanying documents
4 | that Petitioner is not entitled to relief in this Court, **IT IS ORDERED** the operative
5 | petition, ECF No. 3, is **DISMISSED** pursuant to Rule 4, Rules Governing Section
6 | 2254 Cases in the United States District Courts.
7 |      **IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order,
8 | enter judgment, provide copies to Petitioner, and close the file. The Court certifies
9 | that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be
10 | taken in good faith, and there is no basis upon which to issue a certificate of
11 | appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of
12 | appealability is therefore **DENIED.**
13 |      **DATED** this 23rd day of August 2019.



Stanley A. Bastian
United States District Judge

ORDER SUMMARILY DISMISSING HABEAS PETITION -- 4